FILED IN CLERK'S
U.S.D.C. Atlanta

JUL 28 2006

LUTHER D. THOMAS
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAGHU RAJ SINGH,

    Plaintiff,

v.

GENERAL SERVICES
ADMINISTRATION,

    Defendant.

CIVIL ACTION NO.
1:05-CV-3220-JEC

## ORDER & OPINION

This case is presently before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [5] AND Plaintiff Motion to Transfr (sic) the Civil Action Back to Magistrate Court of Fulton County, etc. [9]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [5] should be **DENIED** and that Plaintiff's Motion to Transfr (sic) the Civil Action Back to Magistrate Court of Fulton County, etc. [9] should be **DENIED**. Instead of dismissing the action, the Court **TRANSFERS** the action to the Court of Federal Claims.

AO 72A
(Rev.8/82)

**BACKGROUND**

On July 19, 2005, plaintiff in this action, Raghu Raj Singh, purchased a 1997 Ford Ranger VIN #1FTCR10U0VPA96660 for $4,700 from an auto auction held by defendant General Services Administration ("GSA"). (Def.'s Statement of Material Facts as to Which There is No Genuine Issue to be Tried ("DSMF") [5] at ¶¶ 1-2.)  At the time of sale, according to the odometer disclosure statement on the vehicle's title warranty and bill of sale, the vehicle had 22,797 miles. (Title Warranty and Bill of Sale ("Bill of Sale"), attach. as Ex. 1 to Pl.'s Resp. Against Def. Mot. for Summary Jodgemnt (sic) ("Resp. Summ. J.") [7].)  Plaintiff contends, however, that the odometer was not working and that the vehicle's actual mileage was something much higher.

According to plaintiff, the check engine light came on just after plaintiff started his just-purchased vehicle, to drive it off the auction lot. (Facts, attach. as Ex. 2 to Resp. Summ. J. )  Because the check engine light was on, he decided to have the vehicle checked by a Ford dealer located approximately seven miles from the auction lot.  While driving to the dealership, plaintiff realized that the vehicle's odometer and speedometer were not working. (*Id.*)  Having problems accelerating, plaintiff ultimately pulled the vehicle over to the side of the road, approximately 3.5 miles shy of the Ford dealership.  Plaintiff then had a friend drive him to the Ford dealership, where plaintiff got a tow truck to pick up the vehicle

2

and bring it to the dealership. (*Id.*) Plaintiff spent $81.50 on the tow and $785.62 on various repairs to the vehicle, including replacing the speed sensors, cleaning the fuel induction system, and replacing the fuel filter. (*Id.*) Plaintiff then filed an administrative claim with defendant, the General Services Administration ("GSA"), which claim was denied on December 7, 2005. (DSMF at ¶ 4.)

In its December 7th final decision letter denying plaintiff's administrative claim, defendant reminded plaintiff of the "General Sale Terms and Conditions (114C)" which were made known to plaintiff at the time he submitted his bid for the vehicle in question. To wit:

> **Condition and Location of Property**
> Unless otherwise provided in the invitation, the Government makes no warranty, express or implied, as to quantity, kind, character, quality, weight, size or description of any of the property, or its fitness for any use or purpose. Except as provided in Condition No. 14 or other special conditions of the invitation, no request for adjustment to price or for rescission of the sale will be considered.
>
> **Description Warranty**
> The Government does not warrant the merchantibility of the property or its fitness for any use or purpose.

(Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. ("Mot. to Dismiss") [5] at Ex. A.) In the same letter, defendant advised plaintiff that he had two options to appeal the administrative contracting officer's decision. Plaintiff's first

3

option was to file an appeal directly with the GSA Board of Contract Appeals within ninety days from the date he received his decision. Alternatively, plaintiff could file an appeal directly in the Court of Federal Claims, within twelve months of the contracting officer's decision. (*Id.*) Plaintiff pursued neither option.

Instead, at the same time that he was pursuing his administrative action, the plaintiff had also filed a complaint against GSA in the Magistrate Court of Fulton County. (DSMF at ¶ 3.) Plaintiff had sued in contract alleging that defendant, an agency of the United States, had sold him a defective vehicle in that the odometer was not registering the proper mileage and the fuel system was clogged because of high mileage. (*See* Statement of Claim, attach. as Ex. A. to Not. of Removal, etc. ("Removal") [1].) On December 20, 2005, pursuant to 28 U.S.C. § 1442(a)(1), defendant removed this action from Fulton County state court to this district court. (Removal at 1.) Defendant subsequently filed a motion to dismiss, or, in the alternative, for summary judgment. Plaintiff responded with a motion to remand to state court.

## DISCUSSION

### I. Plaintiff's Motion to Remand

Plaintiff has filed a motion to remand in which he articulates no valid legal basis for remanding this action to the state court from whence it came. Removal of this action was proper under 28

4

U.S.C. § 1442(a)(1). That statute provides, in effect, that any action filed in a state court against an agency of the federal government may be removed by the Government to the district court in the district embracing the place in which the state action is pending.[1]

Accordingly, the defendant, GSA, properly removed this action from Fulton County Magistrate Court to this district court, as Fulton County is located within the Northern District of Georgia, Atlanta Division, in which the undersigned sits. Therefore, the Court **DENIES** Plaintiff Motion to Transfr (sic) the Civil Action Back to Magistrate Court of Fulton County, etc. [9].

## II. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment

Defendant moves for dismissal of this action under FED. R. CIV. P. 12(b)(1), on the ground that plaintiff's claims are governed by the Contract Disputes Act ("CDA"), 41 U.S.C. § 602 *et. seq.*, which applies to any action based on a contract entered into by an agency

---

[1] "<u>A civil action</u> or criminal prosecution <u>commenced in a State court</u> against any of the following <u>may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending</u> . . . The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1) (2006). (emphasis added).

5

of the federal government and which does not lodge subject matter jurisdiction for such actions in federal district courts. ("The CDA was enacted in 1978 to establish a comprehensive and exclusive procedure for adjudicating contract disputes between the government and its contractors . . . As a result, federal district courts <u>do not have jurisdiction</u> to hear government contract claims that are subject to the CDA." *U.S. v. Rockwell Int'l Corp.*, 795 F. Supp. 1131, 1134 (N.D. Ga. 1992)(Hall, J.)) (emphasis added). Thus, according to the defendant, the CDA requires that any dispute concerning a contract between a government agency and a third party must first be decided by a contracting officer. Plaintiff has apparently satisfied that step, having filed an administrative action against GSA and having ultimately received an adverse decision.

Defendant indicates that, upon receiving an adverse decision from the contracting officer, the plaintiff's only recourse is to appeal that decision either to the agency's Board of Contract Appeals or to the United States Court of Claims; a stand-alone suit in district court is not an option.[2] Def.'s Mot. Dismiss [5] at 3,

---

[2] Again, "[t]he CDA provides for appeals to either the agency board of contract appeals or to the United States Claims Court, and <u>specifically abolishes the jurisdiction of the federal district courts</u> to hear claims 'founded upon any express or implied contract with the United States' which is subject to the CDA." *Mgmt. Science Am., Inc. v. Pierce*, 598 F. Supp. 223, 225 (N.D. Ga. 1984)(Evans, J.) (emphasis added). "The review procedures under the CDA are exclusive of jurisdiction in any other forum." *United States v. J & E Salvage*

citing 41 U.S.C. §§ 607(d), 609(c).[3]  Plaintiff has not appealed to either entity, however.

Moreover, the defendant also contends that the plaintiff had only 90 days from the date of the adverse decision to appeal directly to the GSA Board of Contract Appeals and 12 months from that same date to file an appeal in the Court of Federal Claims.  *Id.* at 2.  Accordingly, as the 90 day period has now expired, plaintiff's only avenue for further appeals is with the Court of Federal Claims.

The plaintiff has not responded to the above arguments by the defendant.  Instead, the plaintiff has filed a one-page response that deals only with the merits of his claim concerning the faulty odometer.

Given that the plaintiff could have filed an appeal with the Court of Federal Claims, the question before this Court is whether it should dismiss the plaintiff's claim, for lack of subject matter jurisdiction, or whether the Court can transfer the action to the Court of Federal Claims, which would appear to have subject matter jurisdiction.  The Government urges the Court to dismiss because the plaintiff has not attempted to litigate his case before the Court of

---

*Co.*, 55 F.3d 985, 987 (4th Cir. 1995).

[3]  According to the defendant, an adverse decision at this interim level of appeal would permit the plaintiff to then appeal to the United States Court of Appeals for the Federal Circuit.  *Id.* at 3, citing 41 U.S.C. § 607(g)(1).

7

Federal Claims, as he was told to do in the adverse decision delivered to him, and because his claim is without merit. As to the latter contention, as the Court does not have subject matter jurisdiction, it does not intend to weigh in on the merits of plaintiff's claim. As to the former contention, the Court acknowledges that plaintiff should have gone to the Federal Claims Court on his own. The plaintiff is acting *pro se*, however, and in deference to that status, this Court will transfer his action, if it can do so.

Defendant acknowledges that this Court has the power to transfer the action. *Id.* at 4. Indeed, 28 U.S.C. § 1631 permits a court that lacks jurisdiction over a civil action to transfer that action to a court in which the action could have properly been brought, if the interest of justice supports such a transfer. Specifically, § 1631 provides:

> **Transfer to Cure want of jurisdiction**
>
> <u>Whenever</u> a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and <u>that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought</u> at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

8

(emphasis added).

The Court concludes that it would be in the interest of justice to transfer this case to the Court of Federal Claims and it directs the Clerk to do so.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [5] and **DENIES** plaintiff's Motion to Transfr (sic) the Civil Action Back to Magistrate Court of Fulton County, etc. [9].  Although denying the defendant's motion to dismiss, the Court does direct the Clerk to **TRANSFER** this action to the Court of Federal Claims.

SO ORDERED, this 28 day of July, 2006.

/s/ Julie E. Carnes
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

9